AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| Hyacinth Marlene Bailey, | ) Case No. 21-8420-BER |
| | ) |
| Defendant(s) | ) |

FILED BY ___TM___ D.C.
Oct 28, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  October 23, 2021  in the county of  Palm Beach  in the
Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal reentry into the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

David Malone, HSI Special Agent
Printed name and title

Attested to me telephonically by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

Date: 10/28/21

_____
Judge's signature

City and state: West Palm Beach, Florida

Bruce E. Reinhart, U.S Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, David R. Malone, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed for sixteen years. Prior to federal employment, I worked for the Town of Jupiter (Florida) Police Department for a period of eight-and-a-half years, serving in the capacity of a police officer, traffic homicide investigator and police Sergeant. Among my responsibilities as an HSI Special Agent, I am trained and empowered to investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code, amongst others.

2. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, pictures and computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about October 23, 2021, Hyacinth Marlene Baily ("BAILEY"), committed the offense of illegal reentry into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

## Probable Cause

3. On October 23, 2021, at approximately 11:12 p.m., U.S. Customs and Border Protection (CBP), Air and Marine Operations (AMO), notified Homeland Security Investigations

(HSI) West Palm Beach of the attempted intercept of an inbound vessel approximately two miles north of the Boynton Beach Inlet, and approximately two miles east offshore.

4. CBP AMO observed the target of interest (TOI) traveling westbound from the open ocean towards the United States. The TOI approached a 41-foot marked CBP vessel. The CBP vessel was equipped with emergency blue lights, sirens, dual spotlights, and deck lights. The crew consisted of three sworn, certified, and uniformed federal law enforcement officers, a Vessel Commander (VC), Tactical Boarding Officer (TBO) and Crewmember. As the TOI approached the CBP vessel, the CBP vessel commander ("VC") maneuvered in a position to conduct an investigatory stop. The VC energized the law enforcement emergency blue lights, spotlights, and deck lights to conduct an investigatory stop of the TOI. The captain of the TOI looked directly back at the CBP vessel and slowed down the vessel. As the CBP vessel began to position alongside the TOI for boarding, the TOI captain pushed the throttles down, causing the TOI to suddenly accelerate. Because of the captain's actions to fail to obey the lawful order of an authorized federal law enforcement officer to heave to, the VC requested the deployment of two warning shots (aerial diversionary device) in accordance with the AMO Small Boat Interdiction Policy (SBIP). The TBO successfully deployed two warning shots well forward of the TOI. The captain of the TOI continued making evasive maneuvers. Due to the proximity of the shoreline, the VC instructed the crew of the CBP vessel to abort SBIP. The captain of the TOI continued on a westbound course at approximately 40 knots, ultimately beaching the TOI in the approximate location of Manalapan, Florida, in Palm Beach County, Southern District of Florida.

5. Upon beaching the TOI, all occupants exited the vessel and attempted to flee the area on foot to avoid law enforcement detection.

6.  Law enforcement arrived on scene shortly thereafter and apprehended eleven of the estimated sixteen total occupants who disembarked the vessel. The eleven occupants consisted of seven adult Jamaican males, three adult Jamaican females, and one minor Jamaican male. One adult male and one adult female (BAILEY) required medical attention and were transported to JFK Medical Center. They remained in U.S. Border Patrol custody and supervision while at the hospital. The remaining nine occupants were transported to the U.S. Border Patrol Station in Riviera Beach, Florida for processing. On October 28, 2021, BAILEY was discharged from the hospital and transported to the U.S. Border Patrol Station in Riviera Beach for administrative processing.

7.  The Integrated Automated Fingerprint Identification System (IAFIS) and the DHS Fingerprint Identification System (IDENT) returned a positive match of BAILEY's fingerprints confirming her removal from the United States in or around January 2012, following the criminal conviction for violating Title 8, United States Code, Sections 1326(a) and (b)(2) - Illegal Reentry of an Aggravated Felon out of the Eastern District of New York. Additionally, BAILEY's criminal history revealed a criminal felony conviction in 2003 for Conspiracy to Import Cocaine.

8.  Records checks show that BAILEY is a Jamaican national, and there is no record of BAILEY having obtained permission from the Department of Homeland Security or the Attorney General to reapply for admission to the United States.

9.  On October 28, 2021, HSI Special Agents conducted an interview with BAILEY at the U.S. Border Patrol Station. BAILEY was advised of her *Miranda* warnings in the English language which she was able to understand. BAILEY waived her rights and elected to speak with the interviewing agents. BAILEY essentially stated the following:

    a.    BAILEY's friend in the United States paid $6,000.00 USD to have BAILEY smuggled into the United States.

    b.    BAILEY flew from Jamaica to Nassau, Bahamas, and then directly to Freeport, Grand Bahama Island. She stayed in an apartment for a couple weeks until she embarked the vessel on Saturday, October 23, 2021.

    c.    BAILEY was sitting in the forward cabin and stated the seas were rough. At some point, BAILEY observed blue lights flashing, and the unknown captain of her vessel started driving at a high rate of speed. BAILEY stated she was tossed around inside the cabin which ultimately caused her to injure her back.

    d.    BAILEY knows the proper way to enter the United States and admitted that the process by which she attempted to enter on Saturday, October 23, 2021, was the wrong way.

10.    Based on the foregoing, your affiant respectfully submits that probable cause exists to find that on or about October 23, 2021, Hyacinth BAILEY committed the offense of Illegal Reentry into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DAVID R. MALONE
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to me telephonically by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on the 28 day of October, 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendants: <u>Hyacinth Marlene Bailey</u>

Case number: __21-8420-BER__

**Charge:**

Illegal reentry into the United States, in violation of Title 8, United States Code, section 1326(a)

**Maximum Penalties:**

Pursuant to Title 8, United States Code, section 1326(b)(1), the penalties are:

Maximum of twenty years' imprisonment
Supervised release of up to three years
Fine of up to $250,000
$100 Special Assessment

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-8420-BER

UNITED STATES OF AMERICA

v.

HYACINTH MARLENE BAILEY,

          **Defendant.**
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? ___ Yes ✓ No

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

BY:   *Marton Gyires*
        MARTON GYIRES
        ASSISTANT UNITED STATES ATTORNEY
        District Court No. 5501696
        500 South Australian Avenue, Suite 400
        West Palm Beach, Florida 33401
        Tel:    561-820-8711
        Fax:   561-820-8777
        Email:  marton.gyires@usdoj.gov